YVETTE A. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 27828-83.
United States Tax Court
T.C. Memo 1985-522; 1985 Tax Ct. Memo LEXIS 106; 50 T.C.M. (CCH) 1264; T.C.M. (RIA) 85522; October 7, 1985. Yvette A. Davis, pro se. Nancy W. Hale, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: Respondent determined the following deficiencies and *107 additions to tax: ADDITIONS TO TAX
YEAR
DEFICIENCY
SEC.6653(a) [1]
1980
$1,331
$66.55
1981
771
38.55
The issues before the Court are: (1) whether petitioner is entitled to itemized deductions disallowed by respondent for lack of substantiation, (2) whether petitioner is liable for additions to tax determined under section 6653(a), and (3) whether respondent is entitled to an award of damages under the provisions of section 6673. Some of the facts are stipulated and are so found. Petitioner was a resident of Memphis, Tennessee, at the time her petition was filed. This case was originally filed as a small tax case. At the conclusion of the trial, petitioner orally requested that the case be removed from the small tax case category, which request was granted. Respondent was ordered to file an answer to the petition. Respondent, by answer filed February 1, 1985, affirmatively alleged numerous facts in support of his written motion made at trial that we award him damages under section 6673. Respondent also affirmatively asserted facts *108 in support of his claim for "additions to the tax for the 1981 taxable year under both subsections (1) and (2) of section 6653(a)." Respondent's undenied allegations of fact were deemed admitted pursuant to Rule 37(c) [2] by an order of this Court dated April 5, 1985. Petitioner filed "married filing separate" returns in 1980 and 1981. She reported wages from her occupation as a nurse in each year and 1980 racetrack winnings of $3,115.80 as disclosed on an attached Form W-2. Petitioner claimed dependency exemptions for two children on both returns and a dependency exemption for her husband, Woodie Davis, on the 1981 return. [3] Respondent, in a notice of deficiency mailed to petitioner on July 7, 1983, disallowed petitioner's itemized deductions for lack of substantiation. Respondent recomputed petitioner's tax liability by substituting the zero bracket allowance in place of itemized deductions and allowing petitioner dependency exemptions for her two children. Respondent also imposed additions to tax under section 6653(a) for each year as set forth above. *109 Respondent disallowed in toto petitioner's itemized deductions claimed as follows: Item
1980
1981
Real estate taxes
$1,059.25
$873.38
Sales tax
191.00
Home mortgage interest
4,279.51
5,026.00
Other interest-Sears, City
Finance, Mastercharge, Gulf,
Avco Finance, Amoco Oil,
Visa
669.30
Church of Fellowship
2,380.00
120.00
Nurses uniforms and
white shoes
230.00
The record discloses that respondent's employees made numerous requests of petitioner to furnish the records which would substantiate the deductions disallowed. Finally, on January 12, 1983, because of petitioner's failure to cooperate, respondent closed the file on the audit, which had commenced on December 17, 1981, and the notice of deficiency was issued. At the calendar call of this case, petitioner asserted that she had obtained records verifying home mortgage interest and taxes, but that respondent had refused to accept her records as verification since "some of the forms had my husband's name on [them]" and "I couldn't claim any interest or taxes because my husband could be claiming the same thing." Respondent's counsel made no reply to petitioner's statements. Since respondent *110 had previously told the Court "[t]here would be no benefit in Ms. Davis meeting with an auditor or appeals officer," it appears that respondent's position is that petitioner must not only prove that the questioned deductions were paid, but that she in fact paid them and Woodie Davis [4] did not pay them. After the trial, we reviewed the Court's files, which disclosed that Woodie Davis had filed a separate imperfect petition with this Court on December 27, 1983, in reply to respondent's notice of deficiency which determined deficiencies in income tax and additions to tax for fraud under section 6653(b) for the years 1980 and 1981. This Court dismissed Mr. Davis' case on July 3, 1984, as to all issues upon which he bore the burden of proof when that petitioner failed to respond to our order directing him to file a proper amended petition and pay the required *111 filing fee. We also ordered respondent to file an answer with respect to the fraud issue upon which he bore the burden of proof. Respondent's answer was filed after the trial of this case. [5] The Woodie Davis case file disclosed that no itemized deductions had been claimed by that petitioner in 1980 and 1981 and that respondent had computed Mr. Davis' tax liability by allowing him the zero bracket amount of $1,700 in lieu of itemized deductions. Here, petitioner presented documents obtained from the First Tennessee Bank in the names of Woodie Davis and Yvette Davis which verified payment of home interest and taxes for the years 1980 and 1981. Petitioner also furnished statements from various credit organizations which verified in part interest finance charges claimed in the years before us. Based on the evidence presented at trial, we find that petitioner has verified payment of and is entitled to the following itemized deductions during the years in issue: Amount allowed
Item
1980
1981
Real estates taxes
$1,059.25
$873.38
Home Mortgage interest
4,279.82
5,026.00
Finance charges: City Finance
345.97
Avco
50.29
Sears
63.82
89.78
Amoco
24.05
37.38
*112 Petitioner has failed to carry her burden of proving her entitlement to deductions to the Church of Fellowship. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). She claimed she was unable to secure copies of her donation checks from the bank. Petitioner refused to answer the Court's questions concerning the church's denomination or its location. Her limited testimony was insufficient to satisfy us that payments, if any, were made to the Church of Fellowship, were to an organization which qualifies as a charitable contribution donee. Sec. 170(c)(2)(B). Accordingly, we sustain respondent's disallowance of the claimed deductions in full. Likewise, petitioner furnished no evidence to support an *113 allowance of the remaining itemized deductions claimed, and accordingly, we affirm respondent's disallowance of these claimed deductions. Section 6653(a) provides that, where any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to (1) 5 percent of the entire underpayment, and (2) 50 percent of the interest payable under section 6601 based upon that portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Respondent's determinations are prima facie correct and must be affirmed unless petitioner proves to the contrary. Petitioner presented no evidence on this issue, and accordingly, we sustain all of respondent's determinations under section 6653(a). [6]Axelrod v. Commissioner,56 T.C. 248, 258 (1971). *114 Finally, we consider respondent's motion for damages under section 6673, which provides: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Exercising our discretion, we will not award damages to the United States in this case. Nevertheless, petitioner is admonished that any future violations of the provisions of section 6673 before this Court will result in an award of damages. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Unless otherwise indicated, all "Rules" references are to the Tax Court Rules of Practice and Procedure.↩
3. At trial, petitioner conceded that she was not entitled to a dependency exemption for her husband.↩
4. Respondent's agent testified that he unsuccessfully attempted to serve a subpoena on Woodie Davis for 2 days to appear at trial as respondent's witness. Woodie Davis spoke to respondent's agent by phone and refused to appear when he learned that the subpoena had been issued and signed by a trial clerk of this Court.↩
5. Subsequently, we granted respondent's Motion For Summary Judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure, which was filed February 14, 1985, and heard at the Washington, D.C. motions session on April 17, 1985. Our order and decision as to Woodie Davis,↩ docket No. 35863-83, entered on August 15, 1985, affirmed respondent's determination of deficiencies in income tax and additions to tax with respect to the years 1980 and 1981.
6. In respondent's Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, respondent assumed the burden of proof with respect to the addition to tax in 1981 under paragraph (2) of section 6653(a). This Court granted respondent's motion by an order dated April 5, 1985, thereby satisfying respondent's burden of proof.Therefore, in either event, we sustain all respondent's determinations under section 6653(a).↩